# United States District Court
## Middle District of Florida
## Orlando Division

HUGH EDWARD BLANKENSHIP and
SANDRA L. BLANKENSHIP,

                **Plaintiffs,**

-vs-                             **Case No.  6:07-cv-82-Orl-28KRS**

M/V CARY'D AWEIGH and MARK
LANEVE,

                **Defendants.**

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VESSEL, M/V CARY'D AWEIGH, IN REM (Doc. No. 20)** |
| **FILED:** | **May 10, 2007** |

## I.   **PROCEDURAL HISTORY**.

On January 18, 2007, Plaintiffs Hugh Edward and Sandra L. Blankenship (the Blankenships) filed a verified complaint against M/V Cary'd Aweigh,[1] a thirty-four foot 1965 Hatteras recreational vessel, *in rem*,[2] and Mark Laneve, *in personam*.  Doc. No. 1.  The Blankenships seek possession of the vessel under the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure Rule D, and a declaration pursuant to 46 U.S.C. § 31343(c)(2) and Supplemental Rule D that the vessel is not subject to Laneve's claim of lien.[3]  *Id.*

Pursuant to the Court's January 19, 2007 Order, the Clerk of Court issued a Warrant of Arrest for the vessel, doc. no. 8, which was seized by the United States Marshal on February 1, 2007, while the vessel was in dry storage at Westland Marina in Titusville, Florida. doc. no. 10.  A copy of the complaint was left at Westland Marina, but Laneve was not present during the arrest.  Doc. Nos. 10, 16.  A process server attempted to serve the complaint upon Laneve through an alternative address used by Laneve, but the process server was unable to locate Laneve despite contacting the landlord at Laneve's last known address and searching public records.  Doc. No. 11.  The Blankenships

---

[1] The vessel's Florida Registration number is 7019AT, and the hull identification number is 34ED42.

[2] Along with the vessel itself, the claim is against its "engines, machinery, tackle, towers, auxiliary boats, anchors, chains, apparel, furniture, fittings, tools, pumps, radar, and electronic or other equipment and supplies, and all other attachments, gear, and accessories now part of the vessel, and all other necessaries thereto appertaining and belonging, whether or not removed therefrom . . . ."  Doc. No. 1 at 1.

[3] Because the Blankenships are seeking possession of a vessel, the Court has admiralty jurisdiction.  "[I]t is a fundamental principal that admiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession."  *Gallagher v. Unenrolled Motor Vessel River Queen*, 475 F.2d 117, 119 (5th Cir. 1973) (quoting *Ward v. Peck* , 59 U.S. (18 How.) 267 (1856)).

attempted to mail the complaint to Laneve by certified mail using an address obtained from Florida

driver's license records, but the certified mailing was returned as unclaimed.  Doc. Nos. 15-4, 16.

Lastly, the Blankenships published notice of the action and the arrest of the vessel in the Florida Today

on February 6, 2007, and in the Orlando Sentinel on February 8, 2007.  Doc. No. 12, 13.

　　　The M/V Cary'd Aweigh, the defendant *in rem*, did not answer the complaint.[4]  Consequently,

at the Blankenships' request, the Clerk of Court entered a default against M/V Cary'd Aweigh on

April 16, 2007.  Doc. No. 19.

　　　The Blankenships subsequently filed the present motion for entry of default judgment against

the vessel.  Doc. No.  20.  In support of their motion, the Blankenships filed the Affidavit of Hugh

Edward Blankenship, doc. no. 21 (Blankenship Aff.).

## II.　　STANDARD OF REVIEW.

　　　A court may enter a default judgment only if the factual allegations of the complaint, which

are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu*

*Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held

to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering

a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint

to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*,

699 F. Supp. 897, 899 (N.D. Ga. 1988).[5]

---

　　　[4]  Neither Laneve nor any other claimant filed a response to the complaint or filed a claim
to the vessel.  The present motion seeks a default judgment only on the *in rem* cause of action for
possession of the M/V Cary'd Aweigh.

　　　[5]  The Blankenships have not cited any law that permits the Court to consider the affidavit
they submitted in support of their motion for default judgment in determining whether they can

Because the Blankenships are seeking relief under Supplemental Rule D, they must establish that they have complied with the procedural requirements of the Supplemental Rules and the Local Admiralty Rules before a default judgment will be entered.

### III.    ALLEGATIONS OF THE COMPLAINT.

Plaintiff Hugh Edward Blankenship is the titled and registered owner of the M/V Cary'd Aweigh. Doc. No. 1 ¶ 4.  On November 5, 2006, the Blankenships entered into a "Contract for Purchase Agreement" with Laneve for the purchase of the vessel for $26,900.00. *Id.* ¶ 7.  The purchase agreement specified that "as of November 5th, 2006, [Laneve] will take possession and conditional ownership" of the vessel based on the conditions outlined in the contract, and would have "full and complete ownership once all conditions outlined have been met." *Id.* ¶ 8.   The contract required that Laneve make a payment of $3,000.00 at the time the contract was signed,  a payment of $3,000.00 within thirty days of the contract being signed or by December 5,2007,[6] and monthly payments of $300.00 thereafter. *Id.*   The full purchase price was to be paid in full, no later than November 4th 2007. *Id.* ¶ 8.  It also required that Laneve "do everything in his power to insure this boat, asap, and list sellers as lien holders for the balance due, until vessel is fully paid for." *Id.* ¶ 11.

Laneve paid $3,000.00 on the November 5, 2006, and took possession of the vessel. *Id.* ¶ 9.  As of December 6, 2006, Laneve had failed to procure insurance and failed to make any further

---

prevail on their possessory action claim.  Accordingly, those affidavits will not be considered.

[6] While the Contract specifies that the payment was to be made by December 5, 2007, the Blankenships allege  that this was scrivener's error and that the payment was to be made by December 5, 2006.  Doc. No. 1 ¶ 14.

payments as required by the contract.   *Id.* ¶ 19.   Until the vessel was seized by the United States

Marshal, Laneve denied the Blankenships access to the vessel.   *Id.* ¶ 21.

IV.     **ANALYSIS.**

     A.     *Procedural Requirements.*

          1.     <u>Requirements of Local Admiralty Rules</u>.

Local Admiralty Rule 7.03 provides the procedural requirements for bringing an action *in rem*.

Rule 7.03(d), setting out the publication requirements, indicates that within seventeen days after a

vessel has been seized, notice shall be published by the plaintiff in a newspaper of general circulation

in the county where the vessel was located at the time of the arrest and in the county within the Middle

District of Florida where the lawsuit is pending.   Local Admiralty Rule 7.01(g), 7.03(d)(1).   The

plaintiff shall then "file with the Clerk, proof of publication not later than ten (10) days following the

last day of publication."   Local Admiralty Rule 7.03(d)(2).

In the present action, the United States Marshal seized the vessel on February 1, 2007, doc.

no. 10,  and notice was published in the form required by the Local Admiralty Rules in *Florida Today*

on February 6, 2007, doc. no. 12, and in the *Orlando Sentinel* on February 8, 2007, doc. no. 13.

*Florida Today* is a newspaper of general circulation in Brevard County, the county in which the vessel

was seized, and the *Orlando Sentinel* is a newspaper of general circulation in Orange County, the

County in which this Court sits.   Doc. Nos. 12, 13.   The Blankenships filed proof of publication on

March 20, 2007, which was within ten days of the last day of publication.   *Id.*   Accordingly, the

publication requirements of the Local Admiralty Rules have been satisfied.

The time for responding to the complaint and for filing a claim is set out in Local Admiralty

Rule 7.03(f).   The rule provides that, "any claimant of property subject to an action *in rem* shall: (1)

-5-

File his claim within ten (10) days after process has been executed; and (2) Serve his answer within twenty (20) days after the filing of the claim." Local Admiralty Rule. 7.03(f). In this action, no claim or answer has been filed.

Local Admiralty Rule 7.03(h) provides the procedural requirements that must be satisfied before a default can be entered. Rule 7.03(h) requires that a party seeking default *in rem*:

> file such other proof sufficient to demonstrate that due notice of the action and arrest have been given by:
>
> > (1)    Service upon the master or other person having custody of the property; and
>
> > (2)    Delivery, or by certified mail, return receipt requested . . ., to every other person, including any known owner, who has not appeared or intervened in the action, and who is known to have, or claims to have, a possessory interest in the property.
>
> > The party seeking entry of default judgment under Local Admiralty Rule 7.03(i) may be excused for failing to give notice to such "other person" upon a satisfactory showing that diligent effort was made to give notice without success; and
>
> > (3)    Publication as required by Supplemental Rule (c)(4) and Local Admiralty Rule 7.03(d).

The Blankenships served a copy of the complaint on employees of the Westland Marina on February 1, 2007. Doc. No. 10. They attempted to mail Laneve, the only known person with an interest in the vessel, a copy of the complaint via certified mail with return receipt, but the mailing was returned as unclaimed. Doc. No. 15-4. While the Blankenships were unsuccessful in their attempt to deliver a copy of the complaint to Laneve, they have made a showing that diligent efforts were made to give Laneve notice of this action. Lastly, as analyzed above, the Blankenships properly published notice of these proceedings as required by Local Admiralty Rule 7.03(d). Accordingly, the procedural requirements of the Local Admiralty Rules have been satisfied.

2.    Requirements of the Supplemental Rules.

Supplemental Rules C and D provide the procedural requirements for bringing an admiralty action *in rem* for possession.  Supplemental Rule C(4) requires that notice be given promptly in a newspaper of general circulation in the district, and that the notice specify the time within which a claimant must file a statement of interest.  Supplemental Rule D states that, "[i]n all actions for possession . . . the process shall be by a warrant of arrest of the vessel . . .and by notice in the manner provided by Rule B(2) to the adverse party or parties."  Rule B(2) requires that the complaint be served on the defendant pursuant to Federal Rule of Civil Procedure 4, or by mailing the complaint, with return receipt, to the defendant.  A default may still be entered if the plaintiff diligently attempted to give the defendant notice but could not do so.  Supp. R. B(2).  As these rules are similar to the Local Admiralty Rules, they have been satisfied as analyzed above.

B.    *Elements of the Possessory Action.*

In order to prevail on the possessory action claim, the Blankenships must establish that (1) they previously possessed the vessel, and (2) they have been deprived of possession of the vessel by wrongful action.  *See* William A. Durham, *"We Just Want Our Ship Back" - Action for Possession in Admiralty*, 15 TUL. MAR. L.J. 47, 49 (1990) and cases cited therein.

The M/V Cary'd Aweigh is deemed to have admitted by failure to answer the complaint that the Blankenships previously possessed her.  She is further deemed to have admitted that possession was transferred to Laneve under the terms of the sales contract.  She also is deemed to have admitted that Laneve has not fulfilled the obligations of the sales contract.  She admits that the Blankenships have the right to access her.  *Id.* ¶¶ 21, 30. These facts are sufficient to establish both elements of the possessory action claim.

## V.       RECOMMENDATION.

I respectfully recommend that the Blankenships' Motion for Entry of Default against the defendant Vessel, the M/V Cary'd Aweigh, *in rem*, doc. no. 16, be **GRANTED**. I further recommend that the Court direct the Clerk of Court to enter a default judgment against M/V Cary'd Aweigh directing that possession of the M/V Cary'd Aweigh should be transferred to Hugh and Sandra Blankenship. Finally, I recommend that the Court issue an Order to Show Cause why the remaining claims against Mark Laneve should not be dismissed for failure of prosecution.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 14, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy